# United States District Court
# Central District of California

| | |
|---|---|
| IN RE AVENUE K1753, LLC,<br><br><div align="center">Debtor.</div><hr>Peter J. Mastan, Chapter 7 Trustee,<br><div align="center">Plaintiff-Appellee,</div><br>v.<br>Jeffrey Licht,<br><div align="center">Defendant-Appellant.</div> | Case No. 2:18-cv-09513-ODW<br><br>Bankruptcy Case No.<br>2:13-bk-29863-WB<br><br>Adversary Case No.<br>2:13-ap-01291-WB<br><br>**MEMORANDUM OPINION AFFIRMING THE BANKRUPTCY COURT [14]** |

## I.    INTRODUCTION

Appellant Jeffrey Licht ("Appellant" or "Licht") appeals judgment entered in an adversary proceeding before the Bankruptcy Court in favor of Appellee Peter J. Mastan, Chapter 7 Trustee ("Appellee" or "Trustee") in the amount of $13,500. Although unclear, Licht appears to make five arguments on appeal, the Bankruptcy Court erred in: (1) allowing Trustee to bring a renewed Motion for Summary Judgment ("MSJ"); (2) granting Trustee's renewed MSJ; (3) denying his MSJ, subsequent Motions for Reconsideration, and Rule 56(f) judgment; (4) applying the wrong legal standard and failing to recuse herself; (5) denying him of his due process

rights by preventing his counsel from speaking at oral argument. As discussed below, the Court finds no error in the Bankruptcy Court's analysis and **AFFIRMS** the judgment.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

**A.    Underlying Bankruptcy Petition**

Debtor Avenue K 1753, LLC (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on August 6, 2013 (the "Petition Date"). (Appellee's Answering Br. ("AAB") 5, ECF No. 20.)[1]  On June 23, 2015, the Debtor's bankruptcy case was converted into Chapter 7. (AAB 5.)  Then on July 7, 2015, Peter J. Mastan ("Mastan") was appointed as Chapter 7 Trustee of the Debtor's Estate ("Trustee").  (ABB at 5.)

Licht represented the Debtor in connection with certain pre-petition cross-claims. (AAB at 1.)  Accordingly, Licht received three transfers from the Debtor totaling $13,500 within the 90-day preference period prior to the Petition Date. (AAB at 5–6.)  The three transfers constitute avoidable preferential transfers, which are ultimately recoverable by Trustee.  (AAB at 6.)  Moreover, the statute of limitations for the commencement of these elections under 11 U.S.C. § 546(a)(1) ran on July 7, 2016.  (AAB at 6; Appellant's Opening Br. ("AOB") 11, ECF No. 13.)

**B.    Adversary Proceeding**

On June 23, 2016, Trustee filed a complaint solely against defendant "Jeff Licht + Associates" ("JLA"). (AOB 8; *see also* Appellant's Excerpts of R. ("AER") Vol. I, 52–62, ECF No. 13-1.)  Trustee asserted causes of action pursuant to 11 U.S.C. §§ 547(b), 548, 550, and 502, and sought to avoid transfers by the Debtor.  (AER Vol. I, 52–62.)

On July 1, 2016, Trustee filed a first amended complaint ("FAC") to correct the naming of Defendant JLA, from "Jeff Licht + Associates" to "Jeffrey Licht &

---

[1] Because Licht has failed to include much of the relevant factual or procedural background of the underlying bankruptcy petition and adversary action, the Court takes the relevant factual and procedural background from Trustee's briefing when necessary.

Associates, Inc," no other change was made. (AER Vol. I 64–72; AOB 8.) Pursuant to the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 7004, the FAC and Summons were concurrently served on July 6, 2016. (AAB 6.) After weeks of communication with Licht and his attorney, on October 25, 2016, Trustee moved to individually name Licht as a defendant. (AAB 7–9.) Licht did not oppose, and the Bankruptcy Court granted the motion to amend on November 25, 2016. (AAB 9.)

On December 5, 2016, Trustee filed his Second Amended Complaint ("SAC") naming Licht individually. (AAB 9; AOB 9.) Licht filed an answer to the SAC and then filed an Amended Answer (hereinafter "Answer") on January 6, 2017. (AOB 9–10.) Licht's Answer asserted fifteen affirmative defenses, including an affirmative defense based on the statute of limitations. (AAB 9.)

In October 2017, the Parties filed cross motions for summary judgment ("Cross Motions") and completed briefing on November 29, 2017 (ABB 10–12.) On December 12, 2017, the Bankruptcy Court heard argument on the Cross Motions and took the motions under submission. (ABB 12.) In April 2018, the Bankruptcy Court denied the Cross Motions, however, Trustee's motion was denied without prejudice. (ABB 12–13.)

**C.  Disqualification Motion and Reconsideration Motion**

On April 23, 2018, Licht filed a Motion to Disqualify Judge Julia W. Brand ("Disqualification Motion") and a Motion for Reconsideration ("Reconsideration Motion") of his denied MSJ. (ABB 13.) On June 12, 2018, both the Disqualification Motion and Reconsideration Motion were heard and denied by the Bankruptcy Court. (ABB 13.)

**D.  Trustee's Renewed MSJ and Appeal**

On May 25, 2018, Trustee renewed his MSJ or in the Alternative Summary Adjudication of Issues Against Licht (the "Renewed MSJ"). (ABB 13–14.) On November 8, 2018, Licht filed his Notice of Appeal and Statement of Election. (ABB 13–14.) The following day, the Bankruptcy Court granted Trustee's MSJ and entered

Judgment in favor of Trustee against Licht.  (ABB 14.)  Licht filed an Amended Notice of Appeal and Statement of Election on November 15, 2018 to include the Bankruptcy Court's November 9, 2018 order and judgment.  (ABB 15.)

## III.    ISSUES ON APPEAL

The Parties articulate several issues on appeal. (AOB 3–6.)  To the extent they can be distilled, below in the most basic terms are the issues:

1. Whether Licht can prevail on appeal without providing a complete record;

2. Whether the Bankruptcy Court erred in allowing Trustee to bring the Renewed MSJ;

3. Whether the Bankruptcy Court erred in granting the Renewed MSJ and made an impermissible credibility determination;

4. Whether the Bankruptcy Court erred in denying Licht's MSJ, Motion for Reconsideration, and Rule 56(f) motion;

5. Whether the Bankruptcy Court erred in denying Licht's Disqualification Motion; and

6. Whether the Bankruptcy Court denied Licht Due Process.

## IV.    STANDARDS OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).  A district court reviews a bankruptcy court's legal determinations *de novo*.  *In re Olshan,* 356 F.3d 1078, 1083 (9th Cir. 2004).  However, a district court must accept a bankruptcy court's factual findings unless those findings are clearly erroneous.  *Id.*

The Court reviews the Bankruptcy Court's order granting Trustee's Renewed MSJ *de novo*.  *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008). "Summary judgment is to be granted if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, show that there is no genuine issue as to

a material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(c)).[2]

## V. DISCUSSION

### A. Licht's Opening Brief

Trustee argues that the Court should summarily dismiss Licht's appeal for failure to include a complete and accurate record of the Bankruptcy Court's rulings. (AAB 15.) Indeed, appellate courts routinely dismiss, or summarily affirm, appeals where the appellant fails to comply with procedural requirements. *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (dismissing appeal where appellant failed to accurately cite to the record, or provide the appropriate standard of review); *Mitchel v. Gen. Elec. Co.*, 689 F.2d 877, 879 (9th Cir. 1982) ("[Appellant's] failure to refer to the record works a hardship not only on this court, but also on the opposing litigants.").

Specifically, Trustee asserts that Licht's failure to designate (1) Trustee's Renewed MSJ; (2) hearing transcripts on the Renewed MSJ from July 17, 2018 and August 21, 2018; and (3) the Bankruptcy Court's November 9, 2018 orders. (AAB 15–16.) In sum, Trustee argues that Licht has violated Bankruptcy Rule 8009(b)(5) by failing to provide a complete record. Fed. R. Bankr. P. 8009(b)(5) (the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits). Without a complete record, Trustee argues that this Court cannot sufficiently evaluate the Bankruptcy Court's decisions. (AAB 16.) Licht replies that such allegations are "demonstrably false" and even states that the Bankruptcy Court did not hold a hearing on July 17, 2018 on the Renewed MSJ. (Appellant's Reply Br. ("ARB") 2, ECF No. 23.) Licht further states that Trustee "had the opportunity to counter designate the record and did not." (ARB 2.) Fortunately for Licht, Trustee

---

[2] Licht incorrectly asserts that this Court should review the entire appeal *de novo*. (AOB at 3-6.) Licht's cites *United Riggers & Erectors, Inc. v. Coast Iron & Steel Co.*, 4 Cal. 5th 1082, 1089 (2018), which he asserts controls or "should" control this Court's standard of review for each issue on appeal. *United Riggers & Erectors, Inc.* is inapposite to this appeal.

did designate the underlying pleadings, transcripts, and orders relevant to the Bankruptcy Court's determination of the Renewed MSJ. (Appellee's Suppl. Excerpts of R. ("SER") 1–21, 385–387, 388–400, ECF Nos. 21, 22.) Nevertheless, Licht has failed to designate other portions of the record necessary for determination of this appeal, such as the Disqualification Motion.

While Licht's opening brief and appendix contain some deficiencies, these deficiencies do not rise to the level that would merit the harshness of a dismissal based on procedural deficiencies. *In re Betancourt*, No. ADV 1:12-AP-1221-GM, 2015 WL 3500322, at *4 (B.A.P. 9th Cir. June 3, 2015) (finding that the incomplete record contained sufficient information to enable review). Ultimately, the Court turns to the merits of Licht's appeal.

**B.      The Renewed MSJ was not a Motion for Reconsideration**

Licht states that the Bankruptcy Court erred when it "[p]ermitted [Trustee's] renewed MSJ without the required showing under [] Rule 60(b)." (AOB 4.) Accordingly, this Court must review the decision *de novo*. Not so. Instead, the Court reviews the Bankruptcy Court's decision to permit a successive motion for summary judgment for abuse of discretion. *Hoffman v. Tonnemacher*, 593 F.3d 908, 911–12 (9th Cir. 2010) (a court's decision to permit a successive summary judgment motion is reviewed for abuse of discretion).

In April 2018, the Bankruptcy Court denied Trustee's summary judgment motion without prejudice. Consequently, on May 25, 2018 Trustee filed a renewed summary judgment motion, which was granted on November 8, 2018. Here, the Bankruptcy Court considered and rejected Licht's argument, ruling that Trustee need not satisfy Rule 60(b) because he did not move for reconsideration. (SER Vol. II, 388–400.) Licht offers no further argument on this point. Thus, the Court holds that Trustee did not move for reconsideration and the Bankruptcy Court did not abuse its discretion by allowing the Renewed MSJ. *Hoffman*, 593 F.3d at 909.

**C.    The SAC Relates Back**

Next, Licht argues that the Bankruptcy Court erred in determining that the claims in the SAC related back to the FAC.  (AOB 11–17.)  Licht also asserts that the Bankruptcy Court erred in permitting the amended complaint for two reasons.  First, it failed to meet the standards of Rule 15(c)(1), and second, Trustee failed to provide him notice as required by Rule 4(m).[3]  (AOB 12.)  Trustee opposes Licht's assertions for two reasons: first, Licht waived any argument regarding relation back, and second, even if Licht did not waive those arguments, he had proper notice of Trustee's intent to amend its FAC.  (AAB 17–18, 21–24.)  Still, the Parties agree to the following: the relevant statute of limitations ran on July 7, 2016; the original complaint and FAC only named JLA, Licht's defunct law corporation as a defendant; and Trustee's SAC added Licht individually.  (*See* AOB 11; AAB 6; AER Vol. I 52–62, 113–21.)

*1.    Waiver*

Trustee argues that Licht has waived his Rule 4(m) and Rule 15(c)(1) defenses because he did not raise them in an affirmative motion. (AAB 18.)  Yet, Licht did raise a statute of limitation affirmative defense in his answer and again in his opposition to Trustee MSJ.  (AER, Vol. II 26, 90–130.)  However, the Court need not find that Licht waived these affirmative defenses, because as discussed below, his statute of limitations defense clearly fails on the merits.  The SAC fulfills each of the requirements of Rule 15(c)(1)(C).

*2.    Language of Rule 15(c)(1)(C)*

Federal Rule of Civil Procedure 15(c) governs the relation back of amended pleadings.  Distilled, Rule 15(c)(1) establishes four elements: (1) the amendment changes the party or the naming of the party against whom a claim is asserted; (2) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; (3) the party

---

[3] The Court notes that Licht's argument on appeal concerning the SAC's relation back is largely a verbatim recital of his opposition to the Renewed MSJ.

to be brought in by amendment received such notice of the action within 120 days from the filing of the original complaint; and (4) the party knew or should have known that the action would have been brought against it.  Fed. R. Civ. Proc. 15(c).

### i.  Analysis of "Change" in Party

As a threshold issue, Licht contends that the Bankruptcy Court erred in applying Rule 15(c)(1)(C) because the SAC does not "change the party or naming of the party against whom a claim is asserted." (AOB 12.)  He argues that Trustee's naming of Licht as an individual "is not considered correcting a mistake." (AOB 12–14.)  To support his argument, Licht cites *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191 (9th Cir. 2014) for the proposition that California Law governs the relation back analysis.  (AOB 13–14.)  However, Licht's citation to *Butler* is unremarkable, and offers no explanation why this action involving solely federal bankruptcy matters should adopt California law.  *See Tate v. United States*, No. CV 15-9323-FMO (JPR), 2019 WL 6799107, at *4 (C.D. Cal. Sept. 18, 2019) (California's relation-back rules are not "more lenient" than those in Rule 15(c) and the federal rules control.)

Whereas, Trustee argues that courts consistently interpret the change in party or name of party requirement broadly.  (AAB 21.)  After a statute of limitation period has run, Rule 15(c)(1)(C) allows a plaintiff to amend a complaint "to accurately name a defendant who was not correctly named in the pleading before the limitation period had run."  *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1501 (9th Cir. 1994); *see also Boss v. City of Mesa*, 746 F. App'x 692, 695 (9th Cir. 2018) ("[r]eplacing a 'John Doe' defendant with the actual name of a defendant is not a 'mistake' that allows relation back under Rule 15(c)(1)(C)").

Here, Trustee's "addition" of Licht individually comports with the Rule 15(c)(1)(C).  For instance, Trustee amended its original complaint to accurately name a defendant that was incorrectly named, moreover, adding Licht individually constitutes an attempt to correctly name defendant.  *See generally G.F. Co.*, 23 F.3d at

1501.  Accordingly, the Bankruptcy Court's reasoning to allow the "addition" of Licht individually is proper under Rule 15(c)(1)(C).

### ii.    *Licht was on Notice*

Rule 15(c)(1)(C)(i) requires that Licht received notice within a 120-days, in such a manner that would not prejudice him from defending on the merits.  Trustee filed the original complaint June 23, 2016.  (AAB 6.)  The 120-day notice period expired on October 21, 2016.  Thus, the Court examines whether Licht received notice of Trustee's intent to add him individually before October 21, 2016.  Licht asserts that Trustee did not file his motion for leave to amend until October 25, 2016, four days after the expiration of the Rule 4(m) period.  (AOB 9, 12.)  However, if Licht had notice by October 21, 2016 then the date of the filing is irrelevant.  *See* Advisory Committee Notes on 1966 Amendment to Fed. R. Civ. P. 15 (notice within this time period need not be formal); *G.F. Co.*, 23 F.3d at 1503 (notice may be actual or constructive or it may be imputed to a defendant with an "identity of interest" with the named defendant).

The record confirms that Licht had ample notice.  Dating back as early as August 2016, Trustee sent emails directly to Licht regarding the FAC. (AAB 7; SER Vol. I, 31.)  Trustee received an email from newly retained counsel for Licht, Ms. Shapiro, indicating that she was hired to represent him individually. (AAB 7; SER Vol. I, 33.)  On October 14, 2016, Trustee sent written notice to Licht via email and U.S. Mail that specifically indicated that Trustee would seek leave to name Licht individually, enclosing a copy of the proposed SAC. (AAB 7; SER Vol. I, 35–50.)  Licht responded to the letter two days later asking for additional information regarding the relation back of the proposed amendment.  (AAB 7–8.)  On October 20, 2016 Trustee sent Licht the requested information pertaining to the relation back of the claims.  (AAB 8; SER Vol. I, 54–56.)

This steady stream of communication between Licht and Trustee clearly indicates that he had notice of Trustee's intent to name him individually within the

period provided by Rule 4(m). Moreover, Licht did not oppose Trustee's Motion for Leave to Amend. Furthermore, Licht has not shown that he was prejudiced.

### iii. Licht Knew or Should Have Known

Rule 15(c)(1)(C)(ii) requires that Licht either knew or should have known that he would have been named individually, but for a mistake of identity. Although, Licht had notice, he argues in the alternative that Trustee failure to name him individually was a strategic decision, and not excusable delay. Thus, it is unreasonable to attribute Trustee's initial failure to name him individually as a mistake. (AOB 15–17; AAB 8.)

Licht's argument that he did not have notice because he assumed Trustee was making a strategic decision misses the mark. As stated by the Supreme Court, "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010) (emphasis in original). Thus, any information that Licht has during this period is relevant only if it demonstrates that Trustee in fact, did not make a mistake by suing only JLA.

Regardless, Licht's argument fails. As the Bankruptcy Court noted, there was a great deal of confusion surrounding Licht's operation of JLA compared to his law practice as a sole proprietor. (*See* SER Vol. II, 393.) It was not until Trustee later made contact with Licht's attorney that Trustee discovered that JLA had been defunct since 2008, and that Licht was operating his law practice as a sole proprietor using a dba bearing the same name. (AAB 5, 23.) Given that Licht operated his law practice using the same name under two different business forms, it is easy to see how Trustee could make a mistake under these circumstances. Accordingly, this Court agrees with the Bankruptcy Court's determination that Trustee made a mistake rather than a strategic decision to omit Licht individually.

In sum, having met the requirements of Rule 15(c)(1)(C), the Bankruptcy Court did not err in finding Trustee's SAC properly related back to the timely filed FAC.

**D.    Impermissible Credibility Determination**

During the December 12, 2017 summary judgment hearing, Trustee's counsel argued that Licht was on notice of the claims, and accordingly, he stated "I don't think the argument that, oh, I thought they made a strategic decision to sue the corporation is credible at all." (AER, vol. II, 229.) The Bankruptcy Judge responded: "I don't think so either." (AER, vol. II, 229.) Licht asserts that this comment made by the Bankruptcy Judge amounts to an impermissible credibility determination. (AOB 26.)

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court reviews a credibility determination in a grant of summary judgment *de novo*. *Urban v. BSC West, LLC* (*In re Urban*), 2014 Bankr. LEXIS 1669, *29, 2014 WL 1492717 (9th Cir. B.A.P. 2014). Here, Licht offers no argument that the Bankruptcy Judge's comment in any way influenced the Bankruptcy Court's ruling on Trustee's *Renewed* MSJ.

Rather, the Bankruptcy Court's August 21, 2018 order indicates a careful consideration of the entire record. The order states, "I think the trustee has established that they made a mistake of identity in failing to sue Mr. Licht individually. The checks were written to Jeffrey Licht, Jeffrey Licht and Associates. . . ." (SER Vol. II, 392.) The order further holds that "[Licht] was aware and his counsel was talking with trustee as early as August of 2016 regarding this complaint. The checks were cased in his checking account. I think he was clearly aware that this was a potential lawsuit against him and that if trustee had known that the checks were cashed by him, that trustee would have sued him individually. . . ." (SER Vol. II, 392.) This Court's

review of the record confirms that Trustee was in contact with Licht's counsel as early as August of 2016. As discussed *supra*, Trustee even went as far as to send Licht a letter, via email and U.S. Mail that confirmed his intent to name Licht individually. (*See* SER vol. II, 35–50, 54–56.)

In sum, the Bankruptcy Judge's comment had no impact on the ruling on Trustee's Renewed MSJ on August 21, 2018. Thus, the Bankruptcy Court did not make an impermissible credibility determination.

## E. The Licht MSJ

Licht contends that the Bankruptcy Court committed legal error by applying the wrong legal standard in denying his MSJ and by failing to grant his subsequent Rule 56(f)(1) motions. (AOB 17–22.) Specifically, Licht argues that the Bankruptcy Court's application of *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) was erroneous. (AOB 17.) For instance, Licht proffers the following quote to be the "clear and unambiguous" holding of *Celotex*: "a party can obtain for [*sic*] summary judgment when its opponent has no evidence to support an element of the opponent's case," yet the quote appears nowhere in the case. Licht further states "[*Celotex*] holds that a party can properly move for summary judgment as to every cause of action, where it does not have the burden of proof, without submitting supporting affidavits." (AOB 17. (citing *Celotex*, 477 U.S. at 323).) The Court now considers whether the Bankruptcy Court incorrectly applied the legal standard for summary judgment.

### 1. Analysis of the Licht MSJ

The Bankruptcy Court's tentative ruling on Licht's MSJ lays out the standard for summary judgment as follows:

> [T]he moving party "always bears the initial responsibility of informing the [C]ourt of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has not evidence to prove its case." *In re Hydro-Action, Inc.*, 341 B.R. 186, 193 (Bankr. E.D. Tex. 2006). "If

the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 2005).

(*See* AER, Vol. II, 201).

Despite Licht's assertion that the Bankruptcy Court misstates the law of summary judgment, the Bankruptcy Court's statement of the law is not erroneous. Licht also argues that the Bankruptcy Court improperly shifted the burden of proof by requiring him to affirmatively negate Trustee's claims because "on a Celotex motion, the defendant does not have the burden of proof." (AOB 17, 20-21.) Licht is mistaken. Under federal law, the moving party "*always bears the initial responsibility* of informing the [court] of the basis for [their] motion, and identifying those portions of the [record] which [they] believe [ ] demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (emphasis added). Accordingly, the Bankruptcy Court committed no such error. Moreover, Licht's MSJ is merely a recitation of the elements of Trustee's claims with the threadbare assertions that there is no evidence to support them. (AER Vol. II, 201.)

Accordingly, Licht "failed to meet the initial burden required by a party moving for summary judgment." (AER Vol. II, 201.) Thus, the Bankruptcy Court did not improperly shift the burden to Licht by requiring him to produce *additional evidence* to negate Trustee's claims. Instead, the Bankruptcy Court simply pointed out that Licht did not meet his initial burden as the moving party.

### 2. *"No-Evidence" Motion for Summary Judgment*

Licht repeatedly refers to his MSJ as a "Celotex Motion" and argues that he was entitled to summary judgment because Trustee lacked evidence to support one or more elements of his claims. (AOB 17.) However, Licht's interpretation of Rule 56 and *Celotex* is mistaken. Licht's "Celotex Motion" is actually a "No-Evidence" motion for summary judgment. A "No-Evidence" motion is purely a creature of Texas law,

and does not accurately reflect federal law.[4]  *See Royal Surplus Lines Insurance Company v. Brownsville Independent School District*, 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005) ("[T]he concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in . . . federal summary judgment procedure."); *see also In re Hydro-Action, Inc.*, 341 B.R. 186, 193 (Bankr. E.D. Tex. 2006) ("While federal law clearly contemplates summary judgment in circumstances where there is truly no evidence of an essential element . . . the party moving for summary judgment must make some showing that evidence on an essential point is wholly lacking.").  Therefore, Licht's argument holds no merit.

Accordingly, the Bankruptcy Court applied the correct standard in analyzing Licht's MSJ and was properly denied.  For the same reasons, Licht's Rule 56(f) motions were also properly denied.

**F.  Licht's Reconsideration Motion**

Licht's statement of issues contends that the Bankruptcy Court erred in denying his Reconsideration Motion, which warrants *de novo* review.  (AOB 5.)  Not so. Rather, the Court reviews the Bankruptcy Court's decision to deny Licht's Reconsideration Motion for abuse of discretion.  *See In re Weiner*, 161 F.3d 1216, 1217 (9th Cir. 1998).

First, Licht has failed to designate his Reconsideration Motion or the portion of the June 12, 2018 hearing transcript containing the Bankruptcy Court's order denying the Reconsideration Motion.  Second, the Bankruptcy Court correctly applied the law in denying Licht's MSJ.  Third, Licht fails to address any new facts or law that would warrant reconsideration in the first instance.  *See* L.R. 7-18.  Thus, the Bankruptcy Court did not abuse its discretion in denying the Reconsideration Motion.

**G.  Licht's Disqualification Motion**

Again, Licht argues that the Bankruptcy Court applied the wrong legal standard in denying his motion to disqualify Judge Brand.  Accordingly, the Court reviews the

---

[4] *See* Tex. R. Civ. P. 166(a)(i).

Bankruptcy Court's decision for abuse of discretion. *See Am. Express Travel Related Servs. Co. v. Fraschilla (In re Fraschilla)*, 235 B.R. 449, 453 (9th Cir. BAP 1999); *see also E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992). Again, Licht failed to designate his Disqualification Motion. Alone, this could be fatal to Licht's appeal. Nevertheless, looking to the merits, to the extent that they can be reviewed, the Bankruptcy Court did not abuse its discretion.

Disqualification motions against United States Bankruptcy Judges are governed by 28 U.S.C. § 455 and made applicable to bankruptcy cases through Bankruptcy Rule 5004(a). Licht's Disqualification motion appears to be based on subdivisions (b)(4) and (d)(4) of § 455. (AOB 23–24.) Section 455(b)(4) requires a judge to disqualify herself if "[she] knows that [she], individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). Subdivision (d)(4) defines "financial interest" as "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party." *Id.* § 455(d)(4).

Licht proffers two reasons why Judge Band must disqualify herself. First, Licht asserts that Judge Brand participates in the International Women's Insolvency & Restructuring Confederation ("IWIRC"), and the California Bankruptcy Forum ("CBF"), an organization that both Trustee and Trustee's counsel participate in. Second, CBF threw a "dinner party" honoring Judge Brand "during the pendency" of the case. (AOB 23.) Therefore, Judge Brand has a "financial interest" that mandates her recusal under § 455(b)(4). (AOB 23–24.)

However, Licht's argument is unpersuasive. Foremost, the record demonstrates that during the June 12, 2018 hearing, Judge Brand more than adequately addressed these issues. (AER Vol. I, 48–49.) Second, neither the CBF nor IWIRC are parties to this action. Third, Judge Brand also made clear that she is not a member of the

IWIRC, that the CBF is an "umbrella organization," and that she had "no idea" about a dinner party. (AER Vol. I, 48–49.) Lastly, Judge Brand's attendance or participation in a CBF event does not rise to the level of "active participant" that subdivision (d)(4) contemplates, particularly when read in conjunction with subdivision (b)(4). *See Grundstein v. Ferguson*, No. C14-1356RSL, 2014 WL 12684608, at *2 (W.D. Wash. Oct. 8, 2014) (an objective, well-informed observer would not reasonably question the impartiality of a judge simply because a professional organization of which they are members is a party) (citing 28 U.S.C. § 455(a); *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)).

Thus, the Court finds that Judge Brand did not abuse her discretion in denying Licht's Disqualification Motion.

**H.    Licht's Due Process Claim**

During the March 29, 2018 hearing, Licht asserts that his counsel was "prevented from speaking" and that Judge Brand engaged in a colloquy with Trustee's counsel concerning the strengths and weaknesses of Trustee's MSJ. (AOB 24–25.) Based on this, Licht asserts that the Bankruptcy Court violated his due process rights. Yet, Licht fails to provide any legal argument to support this assertion.

Again, Licht asserts that the standard of review for this type of decision is *de novo*. (AOB 5.) Not so. The review for this type of judicial decision is abuse of discretion. *See Spradlin v. Lear Siegler Management Servs. Co., Inc.*, 926 F.2d 865, 867 (9th Cir. 1991) (a district court's decision to deny oral argument is reviewed for abuse of discretion). Moreover, such assertions also require a showing of prejudice. *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991) (denial of oral argument must prejudice the requesting party).

Here, the Court finds that the Bankruptcy Court's decision neither amounted to abuse of discretion nor did Licht establish prejudice. Foremost, during the December 12, 2017 hearing, the Bankruptcy Court allowed and heard oral argument from Licht, in support of his MSJ. Second, at the March 28, 2018 hearing, Licht's counsel asked

to be heard on the Bankruptcy Court's previous tentative ruling, and the Bankruptcy Court declined further argument, stating: "No. This tentative is from the last time we were together.  That's my ruling on your motion for summary judgment [] . . . That's my ruling. We argued the last time we were here."  (AER Vol. II, 239.)  Lastly, during the June 12, 2018 hearing, Judge Brand again addressed the issue of oral argument. Judge Brand explained that the hearing was not designed for additional argument, but instead for the Bankruptcy Court to enter its ruling on the record.  (AER, Vol. I, 46.) It is also clear from the transcript that the Bankruptcy Court's questions concerning Trustee MSJ were not prejudicial to Licht's MSJ. (*See* AER, vol. I, 46.)  Accordingly, the Bankruptcy Court did not abuse its discretion, and Licht has to establish prejudice.

## VI.    CONCLUSION

For the foregoing reasons, the orders of the Bankruptcy Court are **AFFIRMED** and each of Licht's grounds for appeal are **DISMISSED** (ECF No. 14).


**IT IS SO ORDERED.**

March 20, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**